IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



WILLIAM A. OWENS,

    Petitioner,

v.                                                   Civil Action No. **3:16CV112**

TRACY RAY,

    Respondent.

### MEMORANDUM OPINION

William A. Owens, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the City of Suffolk, Virginia ("Circuit Court"). Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Owens has not filed a response to the Motion to Dismiss. Instead, Owens filed a Motion for Summary Judgment (ECF No. 14), Motion for Discovery (ECF No. 15), Motion to Amend Summary Judgment (ECF No. 17), and Motion for Review (ECF No. 24). For the reasons set forth below, Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED, and Owens's Motions (ECF Nos. 14, 15, 17, 24) will be DENIED.

### I. PERTINENT PROCEDURAL HISTORY

Following a bench trial held on December 16, 2011, Owens was convicted of three counts of obtaining prescription drugs by fraud and three counts of conspiracy to commit prescription fraud.[1] On May 3, 2012, Owens pled guilty in the Circuit Court to two counts of

---

[1] *Commonwealth v. Owens*, No. CR11001219, at 1 (Va. Cir. Ct. Dec. 22, 2011); *Commonwealth v. Owens*, No. CR11001223, at 1 (Va. Cir. Ct. Dec. 22, 2011); *Commonwealth v. Owens*, No. CR11001224, at 1 (Va. Cir. Ct. Dec. 22, 2011); *Commonwealth v. Owens*, No. CR11001225, at 1

obtaining money by false pretenses, one count of possession of a firearm by a convicted felon, one count of uttering, three counts of larceny with intent to sell or distribute, one count of credit card theft, and one count of petit larceny. (*See* Plea Agreement ¶ 2, ECF No. 10–1, at 20–23.) Owens also agreed "that he [was] in violation of the terms of his probation under indictment CR08000379."[2] *Id.* On July 9, 2012, in a combined proceeding, the Circuit Court entered final judgment with respect to his many convictions and sentenced him to an active sentence of seven years. *See Commonwealth v. Owens*, No. CR12000479, at 2 (Va. Cir. Ct. July 9, 2012); Letter at 1, *Commonwealth v. Owens*, No. CR12000479 (Va. Cir. Ct. filed Nov. 13, 2012); *see also* June 27, 2012 Tr. 51–54.). Owens did not appeal.

On November 13, 2012, counsel for Owens filed a letter requesting that the Circuit Court place the matter back on the docket for reconsideration of Owens's sentences. Letter at 1, *Commonwealth v. Owens*, No. CR12000479 (Va. Cir. Ct. filed Nov. 13, 2012).[3] On January 16, 2013, the Circuit Court denied Owens's motion for reconsideration.[4] Owens did not appeal.

On July 7, 2014, Owens, by counsel, filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus at 1, *Owens v. Ray*, No. CL14–507 (Va. Cir. Ct. filed July 7, 2014). On December 17, 2014, the Circuit Court denied and dismissed Owens's

---

(Va. Cir. Ct. Dec. 22, 2011); *Commonwealth v. Owens*, No. CR11001256, at 1 (Va. Cir. Ct. Dec. 22, 2011); *Commonwealth v. Owens*, No. CR11001257, at 1 (Va. Cir. Ct. Dec. 22, 2011).

[2] Owens had been convicted of robbery on June 4, 2008. *Commonwealth v. Owens*, No. CR08000379, at 1 (Va. Cir. Ct. July 9, 2012).

[3] While the letter was only filed in Case Number CR12000479, it references the case numbers for all of the convictions mentioned above.

[4] *See Commonwealth v. Owens*, Nos. CR08000379, CR11001219, CR11001223, CR11001224, CR11001225, CR11001256, CR11001257, CR11001662, CR1200366, CR12000479, CR12000481, CR12000508, CR12000510, CR12000512, CR12000682, and CR12000684, at 1 (Va. Cir. Ct. Jan. 16, 2013).

petition. (ECF No. 10–2, at 1–4.) On December 28, 2015, the Supreme Court of Virginia refused Owens's petition for appeal. (ECF No. 10–4, at 1.)

On March 19, 2015, Owens filed a petition for a writ of error coram nobis in the Circuit Court. (ECF No. 10–5, at 1.) On July 2, 2015, the Circuit Court denied Owens's petition. (ECF No. 10–6, at 1–2.) On February 2, 2016, the Supreme Court of Virginia dismissed Owens's petition for appeal because it was not timely filed. (ECF No. 10–8, at 1.)

On or about February 17, 2016, Owens filed his § 2254 Petition in this Court.[5] (§ 2254 Pet. 15.)[6] In his § 2254 Petition, Owens asserts the following claims for relief:

Claim One: Trial counsel rendered ineffective assistance of counsel by:
(a) failing to move for "an evaluation to determine whether Petitioner was insane at the time of the offense" (*id.* App. B at 1, ECF No. 1–3);
(b) "fail[ing] to perform a reasonable investigation regarding the defense of insanity" (*id.*);
(c) "fail[in]g to file and argue a Motion to Suppress Petitioner's confession" (*id.* at 2);
(d) "request[ing] only a competency evaluation regarding the Petitioner's mental condition after having negotiated a plea agreement without the benefit of a reasonable investigation regarding the insanity of the Petitioner at the time of the offense" (*id.*);
(e) "fail[ing] to adequately argue on behalf of the Petitioner in sentencing without having investigated the connection between the Petitioner's sanity at the time of the offenses for purposes of mitigation" (*id.*); and,
(f) "fail[ing] to note the appeal for the Petitioner prior to withdrawing from his representation, causing Petitioner to lose any opportunity to have a direct appeal relating to his criminal charges" (*id.* at 3).

Claim Two: "Due Process. Bias/misconduct during post-conviction proceedings." (§ 2254 Pet. 7.)

Claim Three: "Errors of Fact (Three Grounds and Supporting Facts)." (*Id.* at 8.)

---

[5] This is the date that Owens states he placed his § 2254 Petition in the prison mailing system for mailing to this Court. The Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[6] The Court utilizes the pagination assigned to Owens's submissions by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in quotations from Owens's submissions.

As a preliminary matter, Owens's second claim does not provide any basis for federal habeas relief. "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citing cases). This is so because Owens is detained as a result of the underlying state convictions, not the state collateral proceeding. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). Accordingly, Claim Two will be DISMISSED.

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Owens's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

**1.** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
  **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Owens's judgment became final on Wednesday, August 8, 2012, when the time to file an appeal expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (providing no appeal allowed unless notice of appeal filed within thirty days of final judgment). The limitation period began to run on August 9, 2012, and continued to run for 96 days until Owens, through counsel, filed his motion to reconsider sentence on November 13, 2012.

### C. Statutory Tolling

Previously, the United States Court of Appeals for the Fourth Circuit held that "under the plain language of section 2244(d)(2)—'State post-conviction or *other* collateral review—the applicable one-year statute of limitations is tolled only for state *collateral*, post-conviction review." *Walkowiak v. Haines*, 272 F.3d 234, 236 (4th Cir. 2001) (citation omitted). The Fourth Circuit noted that "the term 'collateral review' refers to a proceeding separate and distinct from that in which the original judgment was rendered, and in which the petitioner challenges the legality of the original judgment." *Id.* at 237 (citation omitted). The Fourth Circuit concluded that a motion brought under Rule 35(b) of the West Virginia Rules of Criminal Procedure did not satisfy the definition of collateral review because it asked the same judge who presided over the movant's case to modify the sentence imposed. *Id.* at 237–38.

In 2011, however, the Supreme Court abrogated the Fourth Circuit's decision in *Walkowiak*. *See Wall v. Kholi*, 562 U.S. 545, 559 (2011). In *Kholi*, the Supreme Court defined collateral review of a judgment to mean "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Id.* at 553. Applying this definition, the Court concluded that a motion to reduce sentence, brought under Rule 35 of the Rhode Island Rules of Criminal Procedure, was "an application for 'collateral review' that triggers AEDPA's tolling provision." *Id.* at 556.

Under the *Kholi* court's definition of "collateral review," Owens's motion for reconsideration of sentence may constitute a collateral application for relief that, pursuant to § 2244(d)(2), tolled the one-year limitation period. However, the Court need not conclusively determine that issue here. Even with the benefit of tolling during the pendency of the motion for reconsideration of sentence, Owens's § 2254 Petition remains untimely.

The limitation period remained tolled until January 16, 2013, while Owens's motion for reconsideration was pending in the Circuit Court. The limitation period began to run again on January 17, 2013. At that time, Owens had 269 days remaining of the federal limitation period. Therefore, Owens needed to file his § 2254 Petition by Monday, October 14, 2013 for it to be filed within the limitation period.[7] Nevertheless, Owens failed to file his § 2254 Petition until February 17, 2016. Thus, the statute of limitations bars Owens's § 2254 Petition.[8]

---

[7] The Court notes that when Owens filed his state habeas petition on July 7, 2014, the federal limitation period had already expired, approximately nine months before. Thus, Owens lacks any entitlement to statutory tolling for his state habeas petition. *Deville v. Johnson*, No. 1:09CV72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Likewise, Owens lacks entitlement to statutory tolling for his petition for a writ of error coram nobis, filed on March 19, 2015.

[8] Neither Owens nor the record suggests any plausible basis for belated commencement under 28 U.S.C. § 2244(d)(1)(B)–(D), or for equitable tolling.

### III. OUTSTANDING MOTIONS

Owens has filed a Motion for Summary Judgment (ECF No. 14) and a Motion to Amend Summary Judgment (ECF No. 17), asking the Court to enter summary judgment in his favor on the merits of his claims. Because Owens's § 2254 Petition is barred by the statute of limitations, the Court will not reach the merits of Owens's claims. Accordingly, his Motion for Summary Judgment (ECF No. 14) and Motion to Amend Summary Judgment (ECF No. 17) will be DENIED.

Owens has also filed a Motion for Discovery. (ECF No. 15.) Owens requests that Respondent "forward all discovery associated with the complaint filed with JIRC, which involves Judge Sandwitch and attorney John Randall." (Mem. Supp. Mot. for Discovery 6, ECF No. 16.) Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ." Rules Governing § 2254 Cases Rule 6(a). Good cause for discovery under Rule 6(a) is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is[] entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 909 (1997) (citation omitted). The Court fails to discern, and Owens fails to explain, how the purported discovery he seeks is necessary for the resolution of this action. Moreover, the Court finds that Owens's § 2254 Petition is barred by the federal limitation period. Owens fails to demonstrate good cause to warrant discovery. Accordingly, his Motion for Discovery (ECF No. 15) will be DENIED.

Finally, Owens has filed a Motion for Review. (ECF No. 24.) Owens asks that the Court allow him to review the entire record that was forwarded to this Court by the Circuit Court so that "Petitioner [can] be offered an opportunity to admit or deny their correctness." (*Id.* at 1.)

7

Owens has provided no support for his apparent belief that the Circuit Court's records are incorrect, and the Court has no reason to doubt their accuracy. Accordingly, his Motion for Review (ECF No. 24) will be DENIED.

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED. Owens's claims will be DISMISSED, and his § 2254 Petition will be DENIED. Owens's Motion for Summary Judgment (ECF No. 14), Motion for Discovery (ECF No. 15), Motion to Amend Summary Judgment (ECF No. 17), and Motion for Review (ECF No. 24) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/
Roderick C. Young
United States Magistrate Judge

Date: November 21, 2016
Richmond, Virginia