IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



WILLIAM A. OWENS,

    Petitioner,

v.                                                                                     Civil Action No. **3:16CV112**

TRACY RAY,

    Respondent.

## MEMORANDUM OPINION

William A. Owens, a Virginia state prisoner proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). By Memorandum Opinion and Final Order entered on November 21, 2016, the Court denied Owens's § 2254 Petition because it was barred by the applicable one-year statute of limitations. *Owens v. Ray*, No. 3:16CV112, 2016 WL 6871254, at *5 (E.D. Va. Nov. 21, 2016). On December 15, 2016, Owens filed a Motion for Evidentiary Hearing (ECF No. 33) and Motion to Amend Judgment (ECF No. 35). Because it was filed within twenty-eight (28) days of entry of the November 21, 2016 Memorandum Opinion and Final Order, the Court construes Owens's Motion to Amend Judgment as a motion for relief under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion").[1] On January 6, 2017, the Court received from Owens a Motion to Expand Record (ECF No. 40) with respect to his Rule 59(e) Motion.

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the

---

[1] Owens states he placed his Rule 59(e) Motion in the prison mailing system on December 15, 2016. (Rule 59(e) Mot. 11.) The Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Owens fails to demonstrate any basis for granting relief under Rule 59(e). Rather, Owens raises, for the first time, arguments that he is entitled to both statutory and equitable tolling of the one-year limitations period governing his § 2254 Petition. First, Owens suggests that he is entitled to statutory tolling for the periods during which his state habeas petition and petition for a writ of error coram nobis were pending. (Rule 59(e) Mot. 4–5.) Second, Owens contends that he is entitled to equitable tolling for three reasons. (*Id.* at 5–6.) Specifically, Owens argues that he is entitled to equitable tolling because: (1) "defense counsel did not consult with Petitioner regarding appeal after trial and sentencing" (*id.* at 6); (2) because counsel did not "discuss time limits for filing ineffective assistance of counsel which would pose a[n] 'infringe' to fully pursue relief, which he was duty bound" (*id.*); and (3) because state post-conviction counsel rendered ineffective assistance (*id.*). However, a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)).

In any event, Owens's arguments lack merit. First, the Court previously informed Owens that he cannot benefit from statutory tolling for the periods during which his state habeas petition and petition for a writ of error coram nobis were pending because they were filed after the

federal limitation period had already expired. *Owens*, 2016 WL 6871254, at *4 n.7 (citations omitted). Accordingly, Owens is not entitled to relief under Rule 59(e) on this basis.

As noted above, Owens also seeks entitlement to equitable tolling based upon three alleged incidents of ineffective assistance of counsel. The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Ineffective assistance, even if shown, rarely provides a basis for equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (citing *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)).

Owens alleges that he is entitled to equitable tolling because "defense counsel did not consult with Petitioner regarding appeal after trial and sentencing with knowledge of statements made at trial." (Rule 59(e) Mot. 6.) Owens states that "[d]efense counsel clearly had knowledge of my dissatisfaction with the outcome of the trial and sentencing yet did not consult with me about the appeal process. This can be proven to be true by the fact he filed a reconsideration, the efforts to return me to court, and fees." (*Id.* at 7.) According to Owens, this "prevented [him] from filing a direct appeal which ultimately caused the issues of timeliness in this Court's Memorandum Opinion." (*Id.* (capitalization corrected).) However, Owens has failed to explain, as he must, how counsel's alleged failure to consult with him regarding an appeal prevented him from timely filing his § 2254 Petition. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the

3

extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances").

Owens also argues that he is entitled to equitable tolling because defense counsel did not "discuss time limits for filing ineffective assistance of counsel which would pose a[n] 'infringe' to fully pursue relief, which he was duty bound." (Rule 59(e) Mot. 6.) As an initial matter, Owens does not explain, and the Court cannot discern, whether Owens is referring to his ability to pursue claims of ineffective assistance in state court or through a federal habeas petition. Nevertheless, "counsel's errors in calculating the time limits or advising a petitioner of the appropriate filing deadlines do not constitute extraordinary circumstances warranting equitable tolling." *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005) (citations omitted).

Finally, Owens contends that he is entitled to equitable tolling because state post-conviction counsel "was inadequate by disregarding Petitioner's eighteen (18) page letter containing essential and vital facts to dispute Respondents' motion to dismiss (CL14–507) . . . ." (Rule 59(e) Mot. 6.) However, there is no constitutional right to counsel in collateral proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Therefore, the lack of adequate assistance from post-conviction counsel "is not an extraordinary circumstance" that warrants equitable tolling. *Ocon-Parada v. Young*, No. 3:09CV87, 2010 WL 2928590, at *8 (E.D. Va. July 23, 2010) (citing *Evans v. Johnson*, No. 2:09cv00433, 2010 WL 545393, at *4 (E.D. Va. Feb. 11, 2010)). "Simply put, [Owens] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing [his § 2254

Petition] in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011).[2]

For the foregoing reasons, Owens's Rule 59(e) Motion (ECF No. 35) will be DENIED. Because Owens is not entitled to relief under Rule 59(e), his Motion for Evidentiary Hearing (ECF No. 33), in which Owens requests a hearing with respect to the arguments raised in his Rule 59(e) Motion, will be DENIED. Moreover, because nothing in Owens's Motion to Expand Record leads the Court to revise its conclusion that Owens's § 2254 Petition was untimely filed, the Motion to Expand Record (ECF No. 40) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

/s/ *[signature]*
Roderick C. Young
United States Magistrate Judge

Date: January 25, 2017
Richmond, Virginia

---

[2] Owens vaguely suggests that he was diligently pursuing his rights "during postconviction proceedings from 2014-present [because he] has filed three (3) writs and approximately twenty (20) various motions." (Rule 59(e) Mot. 6.) The federal limitations period expired, however, on Monday, October 14, 2013. *Owens*, 2016 WL 6871254, at *4. Owens fails to "allege with specificity 'the steps he took to diligently pursue his federal claims'" before that time. *Yang*, 525 F.3d at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).