**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**WILLIAM A. OWENS,**

Petitioner,



v.

Civil Action No. **3:16CV112**

**TRACY RAY,**

Respondent.

## MEMORANDUM OPINION

William A. Owens, a Virginia state prisoner proceeding *pro se*, filed a petition pursuant

to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). By Memorandum Opinion and Final Order

entered on November 21, 2016, the Court denied Owens's § 2254 Petition because it was barred

by the applicable one-year statute of limitations. *Owens v. Ray*, No. 3:16CV112, 2016 WL

6871254, at *4–5 (E.D. Va. Nov. 21, 2016). By Memorandum Opinion and Order entered on

January 25, 2017, the Court denied a Rule 59(e) Motion and several other motions seeking to

reconsider the denial of his § 2254 Petition. (ECF Nos. 42, 43.) On May 30, 2017, the United

States Court of Appeals for the Fourth Circuit dismissed Owens's appeal. (ECF Nos. 46, 47.)

On October 23, 2017, the Court received from Owens a motion seeking relief under

Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b) Motion," ECF No. 54).[1] In his Rule 60(b)

---

[1] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On
> motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
> (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).

Motion, Owens requests that the Court vacate the Court's dismissal of his § 2254 Petition due to extraordinary circumstances. (Brief 3, ECF No. 55.)

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

Under Federal Rule of Civil Procedure 60(c)(1), Owens was required to file his motion within a reasonable time after the entry of the November 21, 2016 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ( "A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.") Owens's Rule 60(b) Motion, filed almost one year after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Moreover, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'" *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004)).

Instead of arguing why his Rule 60(b) Motion should be considered timely, Owens continues to argue that he is entitled to statutory and equitable tolling of the limitations period and that his § 2254 Petition was timely filed. As explained in the denial of his § 2254 Petition, and in the denial of his Rule 59(e) Motion, these arguments lack merit. Thus, Owens fails to offer any persuasive argument as to why this Court should find that his Rule 60(b)(6) was filed within a reasonable time. *Cf. Fortune v. Clarke*, No. 17–7231, --- F. App'x ----, 2018 WL 1037088, at *1 (4th Cir. Feb. 23, 2018) (explaining that determination of timeliness of a Rule 60(b) motion is discretionary not jurisdictional). Owens also fails to demonstrate any such extraordinary circumstances that would warrant vacating the prior dismissal of this action. Accordingly, Owen's Rule 60(b) Motion (ECF No. 54) will be DENIED. Because Owens is not entitled to relief under Rule 60(b), his Motion for Hearing (ECF No. 56) will be DENIED.

An appropriate Final Order shall issue.

/s/

Roderick C. Young
United States Magistrate Judge

Date: March 15, 2018
Richmond, Virginia

3