IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILLIAM A. OWENS,**

Petitioner,

v.  Civil Action No. **3:16CV112**

**TRACY RAY,**

Respondent.

## MEMORANDUM OPINION

William A. Owens, a Virginia state prisoner proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). By Memorandum Opinion and Final Order entered on November 21, 2016, the Court denied Owens's § 2254 Petition because it was barred by the applicable one-year statute of limitations. *Owens v. Ray*, No. 3:16CV112, 2016 WL 6871254, at *5 (E.D. Va. Nov. 21, 2016). Since that date, Owens has inundated the Court with frivolous motions.

By Memorandum Opinion and Order entered on January 25, 2017 (ECF Nos. 42, 43), the Court denied a Motion for Evidentiary Hearing (ECF No. 33), a Rule 59(e) Motion (ECF No. 35), and a Motion to Expand Record (ECF No. 40) with respect to his Rule 59(e) Motion. On May 30, 2017, the United States Court of Appeals for the Fourth Circuit dismissed Owens's appeal. (ECF Nos. 46, 47.) By Memorandum Opinion and Order entered on March 15, 2018 (ECF Nos. 63, 64), the Court denied a Rule 60(b) Motion (ECF No. 54) and a Motion for a Hearing (ECF No. 56.)  Undeterred, on March 26, 2018, Owens filed a Motion for Reconsideration (ECF No. 65) of the March 15, 2018 Memorandum Opinion and Order.

Owens claims that the Court should construe this latest motion as one filed pursuant to Federal Rule of Civil Procedure 59(e) because the Court erred in finding Owens's Rule 60(b) Motion untimely filed. ("Second Rule 59(e) Motion," at 1–2.) "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Owens fails to demonstrate any basis for granting relief under Rule 59(e). As explained previously, Owens's Rule 60(b) Motion, filed almost one year after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991). Moreover, Owens failed to demonstrate that any extraordinary circumstances existed warranting Rule 60(b) relief. *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004)). Contrary to Owens's belief, a "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)).

For the foregoing reasons, Owens's Second Rule 59(e) Motion (ECF No. 65) will be DENIED. A certificate of appealability will be DENIED.

Owens also filed a Motion for Extension of Time (ECF No. 68) to note an appeal of the March 15, 2018 denial of his Rule 60(b) Motion. Federal Rule of Appellate Procedure 4(a)(1) allows for a notice of appeal to be filed within thirty (30) days after entry of the order or judgment being appealed. A motion for an extension of time to appeal may be filed within thirty (30) days after the expiration of the thirty-day period allowed for filing an appeal. Fed. R. App. P. 4(a)(5). Owens filed his Motion for Extension of Time on April 16, 2018, within the period allowed by Fed. R. App. P. 4(a)(5). Accordingly, the Motion for Extension of Time (ECF No. 68) will be GRANTED, and the Court will construe that submission as a timely notice of appeal.

Finally, Owens filed a Motion to Amend Relief. (ECF No. 70.) In less than lucid argument, Owens seemingly suggests a change in a Supreme Court of Virginia Rule in 2017 changes federal review of procedural default based on a state procedural bar. (ECF No. 70, at 2–3.) Owens contends that "Respondent[] used said procedural bar as an affirmative defense." (*Id.* at 2 (citing ECF No. 10, at 3).) The Court dismissed his § 2254 Petition as barred by the federal statute of limitations, not based upon a procedural default. Thus, to the extent this Motion to Amend (ECF No. 70) is properly before this Court at this juncture, it will be DENIED.

Owens has engaged in a seemingly unending cycle of filing frivolous and malicious attacks on his conviction and sentence, as well as requests for reconsideration. In light of his abuse of judicial resources, any future filing will be summarily dismissed by the Court absent a compelling reason why reconsideration would be appropriate at this late juncture. Accordingly, Owens must attach to the front of any future motion or request, the following statement: "I hereby certify that I could not have previously raised this argument in any of my earlier submissions, this motion is not a successive and unauthorized request for § 2254 relief, and a

compelling reason exists why the Court should reconsider its previous decision." Failure to comply with this directive will result in summary dismissal of the motion.

An appropriate Order shall issue.

/s/ _____
Roderick C. Young
United States Magistrate Judge

Date: September 25, 2018
Richmond, Virginia